IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARK AND KARLA GIBBS**                                                                              **PLAINTIFFS**

**V.**                                    **CASE NO. 4:10CV00293 JMM**

**PRIMELENDING, A PLAINS CAPITAL COMPANY, ET. AL**                          **DEFENDANTS**

### ORDER

Pending are defendant PrimeLending's Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6), and defendants Amy Christine Tueckes's and Jeffery H. Brown's Motions to Dismiss for lack of personal jurisdiction under Rule 12(b)(2), and defendant Corinthian Title Company, Inc.'s ("Corinthian Title") Motion to Dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and for lack of personal jurisdiction pursuant to Rule 12(b)(2). Plaintiffs and defendants have briefed the issues for the Court. After review and for reasons stated below, the motions are denied (#16, #36, #38, #50).

### Complaint Allegations

In January of 2009, Morgan Stanley contacted plaintiffs with an offer to refinance their home.[1] At the time of the offer, Morgan Stanley was the financial advisor for plaintiffs and C. Ryan Hill, vice president of Morgan Stanley, was their personal financial advisor. Plaintiffs agreed to refinance their home with Morgan Stanley, but were re-directed by Hill to

---

[1] Plaintiffs had previously financed the purchase of their home by executing a $1,510,000.00 promissory note made payable to Morgan Stanley Credit Corporation ("Morgan Stanley Note") and a mortgage on their home located in Pulaski County, Arkansas, to secure that note ("Morgan Stanley Mortgage").

1

PrimeLending. Jeffery Brown, a PrimeLending employee, assisted plaintiffs in their refinancing.

At the same time as plaintiffs's refinancing, defendants Hickson and Tueckes were employed by LandAmerica and Commonwealth to solicit title insurance business from PrimeLending. When LandAmerica and Commonwealth were unable to handle the title business flowing from PrimeLending, Hickson and Tueckes referred this overflow title business to eLender Services who always choose eLender Escrow as the escrow agent.

ELender Services or eLender Escrow would pay a kickback fee from this overflow business to a limited liability company formed, and owned, by Hickson and Tueckes. Hickson and Tueckes would, in turn, pay part of this fee to PrimeLending or its employees for being the source that originally contacted Hickson or Tueckes.

PrimeLending began plaintiffs's refinancing process by contacting Hickson or Tueckes. Hickson or Tueckes referred them to eLender Services who used eLender Escrow as the escrow agent even though the State of California had previously revoked the authority of eLender Escrow to act as an escrow agent because it failed to properly file its financial statements.

To compensate for the lost license, Corinthian Title, eLender Services, Russell, Biszantz, and eLender Escrow developed a scheme which enabled eLender Escrow to continue to operate. In furtherance of this scheme, Corinthian Title conspired with eLender Services and eLender Escrow to allow Bryan Kelly, a Corinthian Title employee, to work on the premises of eLender Services and eLender Escrow. By allowing Kelly to work out of their offices, eLender Escrow could continue to state that it was a licensed escrow agent. Corinthian Title received some form of benefit from eLender Services or eLender Escrow in return for its participation in the scheme.

Because of this scheme, eLender Escrow ultimately was able to serve as plaintiffs's escrow agent.

On July 22, 2009, PrimeLending through its agent Brown mailed the "Mortgage Loan Origination Agreement" to plaintiffs for execution. PrimeLending charged plaintiffs $15,095.00 in fees. PrimeLending contacted plaintiffs by telephone to set a closing location. Howard Wayne Harts, a Notary Public, handled the closing on August 11, 2009, at the business offices of plaintiff Mark Gibbs which is located in Pulaski County. At closing, plaintiffs executed a promissory note payable to US Bank for $1,200,000.00 ("US Bank Note") and a mortgage in favor of US Bank ("US Bank Mortgage") to secure the note. Funds from this loan and from plaintiffs's private accounts were transferred to eLender's Services's bank account to be used by eLender Escrow to pay the Morgan Stanley Note and release the Morgan Stanley Mortgage. Unfortunately, the Morgan Stanley Note was not paid and it was discovered that Russell Biszantz, owner of eLender Escrow, had taken the money intended to pay off the note for his own use. As a result, plaintiffs now have two mortgages encumbering their home and a total indebtedness of $2,702,089.17.

Plaintiffs have brought claims against (1) Prime lending, Corinthian Title, Brown and Tueckes for violations of 12 U.S.C. § 2607(a)[2]; (2) PrimeLending and Corinthian for fraud; (3) Prime Lending, Corinthian Title, Brown, and Tueckes for negligence, (4) PrimeLending and Corinthian Title for negligence training, retention and supervision; (5) PrimeLending, Corinthian Title, Brown, and Tueckes for of civil conspiracy; (6) PrimeLending, Corinthian Title, Brown, and Tueckes for acting in concert; and (7) PrimeLending for breach of fiduciary duty.

---

[2] 12 U.S.C. § 2607(a), prohibits fees or kickbacks for referrals in connection with a real estate settlement service involving federal mortgage loans.

Rule 12(b)(2) Motions

To survive a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), a plaintiff must establish a *prima facie* case that the forum state has personal jurisdiction over the defendant. *See Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir.1998). In the absence of an evidentiary hearing, a court "must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party." *Epps v. Stewart Info. Serv. Corp.*, 327 F.3d 642, 646-47 (8th Cir.2003). A federal court may assume jurisdiction over a nonresident defendant to the extent permitted by the long-arm statute of Arkansas and by the Due Process Clause. *See Dever v. Hentzen Coatings, Inc*., 380 F.3d 1070, 1072 (8th Cir. 2004)

"The Arkansas long-arm statute confers jurisdiction to the fullest extent permitted by the Due Process Clause. The Due Process Clause requires that 'minimum contacts' exist between the nonresident defendant and the forum state before the court can exercise jurisdiction over the defendant." *Miller v. Nippon Carbon Co, Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008) (citations omitted).

> "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." *Bell Paper Box, Inc. v. U.S. Kids, Inc*., 22 F.3d 816, 818 (8th Cir.1994) (quoting *Soo Line R.R. v. Hawker Siddeley Can., Inc*., 950 F.2d 526, 528 (8th Cir.1991)). To support a finding of reasonable anticipation, "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." *Id.* at 818-19 (quoting *Soo Line R.R.*, 950 F.2d at 529).
>     We have established a five-part test for measuring a defendant's contacts with the forum state: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Id.* at 819 (citing *Land-O-Nod Co. v. Bassett Furniture Indus*., 708 F.2d 1338, 1340 (8th Cir.1983)). Personal jurisdiction may be established by general jurisdiction or specific jurisdiction, and the third

>factor-relation of the cause of action to the contacts-distinguishes between the two. *Id.* "[G]eneral jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose," while specific jurisdiction requires that the cause of action arise from or relate to a defendant's actions within the forum state. *Id.* (internal quotation, citation, and alterations omitted).

*Wells Dairy, Inc. v. Food Movers Int'l., Inc.*, 607 F.3d 515, 518 (8th Cir. 2010).

At issue is whether this Court has specific personal jurisdiction over Tueckes, Brown, or Corinthian Title. *See Wells Dairy, Inc. V. Food Movers Intern., Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (specific jurisdiction requires that the cause of action arise from or relate to a defendant's actions within the forum state).

The relevant allegations against these defendants are that (1) Tueckes and Brown participated in a conspiracy to violate 12 U.S.C. § 2607(a) with PrimeLending; (2) Tueckes was negligent for participating in a scheme to control title business from PrimeLending; (3) Tueckes, Brown, and Corinthian Title were negligent because they knew, or should have known, that eLender Escrow had lost its license; (4) Corinthian Title was negligent for allowing one of its employees to work at eLender Escrow; (5) Corinthian Title participated in a conspiracy with eLender Services, eLender Escrow, Russell and Biszantz to create a false impression that eLender Escrow was a licensed escrow agent; (6) Tueckes and Brown acted concert with others to participate in a kickback scheme; (7) Corinthian acted in concert with others to create a false impression that eLender Escrow was a licensed escrow agent; (8) Corinthian Title and PrimeLending failed to use ordinary care in the training, retaining and supervising of Kelly and Brown, respectively; (9) Corinthian Title committed fraud by participating in the scheme to make eLender Escrow appear to be licensed; (10) eLender Escrow and eLender Services participation in

5

the kickback scheme was made possible by Corinthian Title's participation in the conspiracy that allowed eLender Escrow to continue to act as an escrow agent; (11) PrimeLending and Brown failed to make sure the payoff of the Morgan Stanley Note was completed; and (12) the closing documents for plaintiffs's loan originated through PrimeLending were executed in Arkansas through an arrangement between PrimeLending and the plaintiffs.

Because the acts of one or more co-conspirators, in this case PrimeLending, may be shown as evidence against co-conspirators, this Court has *in personam* jurisdiction over Corinthian Title Brown and Tueckes.  See  *Mason v. Funderburk*, 247 Ark. 521, 446 S.W.2d 543 (1969) ("Any act done or declaration made by one of the conspirators in furtherance, aid or perpetration of the alleged conspiracy may be shown as evidence against his fellow conspirators"); *Allstate Life Insurance Co. v. Linter Group Limited*, 782 F.Supp. 215 (S.D.N.Y. 1992) (jurisdiction may exist over defendant based on acts committed by their co-conspirators pursuant to a conspiracy).

<u>Rule 12(b)(6) Motions</u>

In reviewing the sufficiency of a complaint under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true, but the allegations must supply facts sufficient to state a claim that is plausible on its face. *See O'Neil v. Simplicity, Inc*., 574 F.3d 501, 503 (8th Cir .2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Plaintiffs bring claims against PrimeLending based upon violations of 12 U.S.C. § 2607(a), fraud, negligence, negligence training, retention and supervision, civil conspiracy, acting in concert, and breach of  fiduciary duty.  Plaintiffs's claims against Corinthian Title are for § 2607(a) violations, fraud, negligence, civil conspiracy, and acting in concert.

Plaintiffs have sufficiently alleged facts to state a claim of a kickback scheme involving PrimeLending which violates § 2607(a) and that PrimeLending applied this scheme to the refinancing of their home. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009) (complaint should be read as a whole). Based upon the facts pled surrounding the kickback conspiracy and the actions taken during the refinancing of plaintiffs's home, plaintiffs have stated claims against PrimeLending of negligence, breach of fiduciary duty, and negligence training, retention and supervision of Brown.

Under Rule 9(b), "In alleging fraud ... a party must state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). The Court of Appeals for the Eighth Circuit has listed several factors including the "time, place, and contents of the fraud; the identity of the person allegedly committing fraud, and what was given up or obtained by the alleged fraud." *Roberts v. Francis*, 128 F.3d 647 (8th Cir. 1997). Plaintiffs have specifically named and described with factual allegations employees of LandAmerica, and Commonwealth who participated in the kickback scheme with PrimeLending, or its agents, and have pled that Brown, an employee of PrimeLending, applied the scheme to the refinancing of their home. Plaintiffs's have stated a claim of fraud against PrimeLending.

Moreover, plaintiffs have specifically named and described with factual allegations the fraud committed by Corinthian Title in the scheme to allow eLender Escrow to continue to operate. Plaintiffs have also pled sufficient facts to support a claim of negligence against Corinthian by alleging that Corinthian Title assumed the duty owed to plaintiffs when it allowed eLender Escrow to take advantage of Corinthian Title's escrow account license and a claim of negligent training, retention, and supervision of Brown.

Plaintiffs's, in their responses, state that they do not bring civil conspiracy and acting in concert claims as separate causes of action resulting in there being no such claims.

PrimeLending, Tueckes's, Brown's and Corinthian Title's Motions to Dismiss are denied (#16, #36, #38, #50).

IT IS SO ORDERED THIS  14   day of   October  , 2010.

 

_____
James M. Moody
United States District Judge