**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**MARK AND KARLA GIBBS**                                          **PLAINTIFFS**

**V.**                              **4:10CV0293 JMM**

**PRIMELENDING, A PLAINS CAPITAL COMPANY, ET AL.**          **DEFENDANTS**


**CERTIFICATION ORDER**

Now on this ___2ⁿᵈ___ day of December, 2010, pursuant to Rule 6-8 of the Rules of the

Supreme Court of the State of Arkansas, this Court upon its own motion certifies to the Supreme

Court of Arkansas a question of law that may be determinative of this case and as to which it

appears there is no controlling precedent in the decisions of the Supreme Court of Arkansas.

**I.**

**QUESTION OF LAW TO BE ANSWERED**

Whether the use of the conspiracy theory of *in personam* jurisdiction violates Arkansas

Code Annotated § 16-4-101?[1]

**II.**

**ALLEGATIONS RELEVANT TO THE QUESTION**

In January of 2009, Morgan Stanley contacted Plaintiffs with an offer to refinance their

home.[2] At the time of the offer, Morgan Stanley was the financial advisor for Plaintiffs and C.

---

[1]Conspiracy jurisdiction is based upon the theory that personal jurisdiction is proper over
an out-of-state defendant in a forum where one of his or her co-conspirators has acted as the
defendant's agent in furtherance of the conspiracy.

[2]Plaintiffs had previously financed the purchase of their home by executing a
$1,510,000.00 promissory note made payable to Morgan Stanley Credit Corporation ("Morgan

Ryan Hill, vice president of Morgan Stanley, was their personal financial advisor.  Plaintiffs

agreed to refinance their home with Morgan Stanley, but were re-directed by Hill to

PrimeLending.  Jeffery Brown, a PrimeLending employee, assisted Plaintiffs in their refinancing.

At the same time as Plaintiffs' refinancing, Defendants Hickson and Tueckes were

employed by LandAmerica and Commonwealth to solicit title insurance business from

PrimeLending.  When LandAmerica and Commonwealth were unable to handle the title business

flowing from PrimeLending, Hickson and Tueckes referred this overflow title business to

eLender Services who always choose eLender Escrow as the escrow agent.

ELender Services or eLender Escrow would pay a kickback fee from this overflow

business to a limited liability company formed, and owned, by Hickson and Tueckes.  Hickson

and Tueckes would, in turn, pay part of this fee to PrimeLending or its employees for being the

source that originally contacted Hickson or Tueckes.

PrimeLending began Plaintiffs' refinancing process by contacting Hickson or Tueckes.

Hickson or Tueckes referred them to eLender Services who used eLender Escrow as the escrow

agent even though the State of California had previously revoked the authority of eLender

Escrow to act as an escrow agent because it failed to properly file its financial statements.

To compensate for the lost license, Corinthian Title, eLender Services, Russell, Biszantz,

and eLender Escrow developed a scheme which enabled eLender Escrow to continue to operate.

In furtherance of this scheme, Corinthian Title conspired with eLender Services and eLender

Escrow to allow Bryan Kelly, a Corinthian Title employee, to work on the premises of eLender

Services and eLender Escrow.  By allowing Kelly to work out of their offices, eLender Escrow

---

Stanley Note") and a mortgage on their home located in Pulaski County, Arkansas, to secure that
note  ("Morgan Stanley Mortgage").

could continue to state that it was a licensed escrow agent.  Corinthian Title received some form

of benefit from eLender Services or eLender Escrow in return for its participation in the scheme.

Because of this scheme, eLender Escrow ultimately was able to serve as Plaintiffs' escrow agent.

On July 22, 2009, PrimeLending through its agent Brown mailed the  "Mortgage Loan

Origination Agreement" to Plaintiffs for execution.  PrimeLending charged Plaintiffs $15,095.00

in fees.  PrimeLending contacted Plaintiffs by telephone to set a closing location.  Howard

Wayne Harts, a Notary Public, handled the closing on August 11, 2009, at the business offices of

Plaintiff Mark Gibbs which is located in Pulaski County.  At closing, Plaintiffs executed a

promissory note payable to US Bank for $1,200,000.00 ("US Bank Note") and a mortgage in

favor of US Bank ("US Bank Mortgage") to secure the note.  Funds from this loan and from

Plaintiffs' private accounts were transferred to eLenders Services's bank account to be used by

eLender Escrow to pay the Morgan Stanley Note and release the Morgan Stanley Mortgage.

Unfortunately, the Morgan Stanley Note was not paid and it was discovered that Russell

Biszantz, owner of eLender Escrow, had taken the money intended to pay off the note for his

own use.  As a result, Plaintiffs now have two mortgages encumbering their home and a total

indebtedness of $2,702,089.17.

Plaintiffs have brought claims against (1) PrimeLending, Corinthian Title, Brown,

Hickson, and Tueckes for  violations of 12 U.S.C. § 2607(a)[3]; (2)  PrimeLending and Corinthian

Title  for fraud; (3) PrimeLending, Corinthian Title,  Brown, Hickson, and Tueckes for

negligence, (4) PrimeLending and Corinthian Title for negligent training, retention and

supervision; (5)  PrimeLending, Corinthian Title, Brown, Hickson, and Tueckes for civil

---

[3]12 U.S.C. § 2607(a), prohibits fees or kickbacks for referrals in connection with a real
estate settlement service involving federal mortgage loans.

conspiracy; (6) PrimeLending, Corinthian Title, Brown, Hickson, and Tueckes for acting in concert; and (7) PrimeLending for breach of fiduciary duty.

Corinthian Title, Brown, Hickson, and Tueckes contend that this Court does not have *in personam* jurisdiction over them because Arkansas' long arm statute does not allow application of conspiracy jurisdiction.

### III.

### REFORMULATION OF THE QUESTION

The United States District Court hereby acknowledges that the Arkansas Supreme Court, acting as the receiving court, may reformulate the question presented.

### IV.

### COUNSEL OF RECORD AND PARTIES

Attorney for Plaintiffs, Mark and Karla Gibbs:

Donald K. Campbell, III
Almand, Orsi & Campbell LLP
10016 West Markham
Little Rock, AR 72205
501-219-8500

Attorney for Defendant, Shelley A. Hickson:

Stephen R. Lancaster
Wright, Lindsey & Jennings
200 West Capitol Avenue
Suite 2300
Little Rock, AR 72201-3699
501-212-1238

Attorney for Defendant, Amy Christine Tueckes:

Howard Gregory Campbell
Nichols & Campbell, P.A.
212 Center Street
Suite 700
Little Rock, AR 72201
501-372-5659

Attorneys for Defendant, Corinthian Title Company, Inc.

Matthew C. Carter
Warner, Smith & Harris
Post Office Box 1626
Fort Smith, AR 72902-1626
501-782-6041

Emily E. Reynolds
Robert A. Frazier
Warner, Smith & Harris
333 Pinnacle Hills Parkway
Suite 220
Rogers, AR 72758
479-271-6041

Attorney for Defendant, Jeffery H. Brown:
M. Stephen Bingham
Cross, Gunter, Witherspoon & Galchus, P.C. - Little Rock
Post Office Box 3178
Little Rock, AR 72203-3178
(501) 371-9999


        The Clerk of this Court is hereby directed to forward this Order to the Supreme Court of

Arkansas under his official seal.

        IT IS SO ORDERED.


                                        _____
                                        James M. Moody
                                        United States District Judge