
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 17 2010

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

# SUPREME COURT OF ARKANSAS
No. 10-1250

| | |
|---|---|
| MARK AND KARLA GIBBS,<br>PETITIONERS,<br><br>VS.<br><br>PRIMELENDING, A PLAINS CAPITAL COMPANY, ET AL.,<br>RESPONDENTS, | Opinion Delivered 12-16-10<br><br>REQUEST TO CERTIFY QUESTION OF LAW<br><br><br>CERTIFIED QUESTION ACCEPTED. |

## PER CURIAM

In accordance with section 2(D)(3) of Amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, Honorable James M. Moody of the United States District Court for the Eastern District of Arkansas filed a motion and certification order with our clerk on December 6, 2010. The certifying court requests that we answer a question of law that may be determinative of this case and as to which it appears there is no controlling precedent in the decisions of the Supreme Court of Arkansas.

The question involved pertains to whether Arkansas's long arm statute allows application of conspiracy jurisdiction. Conspiracy jurisdiction is based upon the theory that personal jurisdiction is proper over an out-of-state defendant in a forum where one of his or her co-conspirators has acted as the defendant's agent in furtherance of the conspiracy.

After a review of the certifying court's analysis and explaination of the need for this court to answer the question of law presently pending in that court, we accept certification of the following question, as herein formulated:

1) Whether the use of the conspiracy theory of *in personam* jurisdiction violates Arkansas Code Annotated section 16-14-101.

This per curiam order constitutes notice of our acceptance of the certification of the question of law. For purposes of the pending proceeding in this court, the following requirements are imposed:

> A. Time limits under Ark. Sup.Ct. R. 4-4 will be calculated from the date of this per curiam order accepting certification. The plaintiffs in the underlying action, Mark and Karla Gibbs, are designated the moving party and will be denoted as the "Petitioners," and their brief is due thirty days from the date of this per curiam; the defendants, Primelending, A Plains Capital Company, and others, shall be denoted as the "Respondents," and their brief shall be due thirty days after the filing of Petitioners' brief. Petitioners may file a reply brief within fifteen days after Respondents' brief is filed.
>
> B. The briefs shall comply with this court's rules as in other cases except for the briefs' content. Only the following items required in Ark. Sup.Ct. R. 4-2(a) shall be included:
>
>> (3) Point on appeal which shall correspond to the certified question of law to be answered in the federal district court's certification order.
>>
>> (4) Table of authorities.
>>
>> (6) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal district court's certification order.
>>
>> (7) Argument.
>>
>> (8) Addendum.

(9) Cover for briefs.

C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.

D. Ark. Sup. Ct. R. 4-6 with respect to amicus curiae briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioners and Respondents.

Pursuant to Arkansas Supreme Court Rule 6-8(d), we request that the parties include in an Addendum the following pleadings: the complaint; the answer, if any; the motion to dismiss; and any responses, replies, and briefs in support thereof. In addition, if the parties believe that any additional pleadings will be useful to our understanding of the legal issues presented in this certified question, those pleadings should be included as well.

Certified Question Accepted.